UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LISA A. NELSON,
    Plaintiff,

v.                        C.A. No. 16-618-JJM-PAS

NANCY BERRYHILL,
Acting Commissioner,
Social Security Administration,
    Defendant.

## MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., United States District Judge.

Plaintiff Lisa A. Nelson was forty-one years old on her alleged qualifying disability onset date. She alleges that she is disabled due to depression, anxiety, Crohn's Disease, vertigo, carpal tunnel in her left wrist, and sciatica.

On December 20, 2013, Ms. Nelson applied for Social Security Disability Insurance benefits. That application was denied initially and on reconsideration. Ms. Nelson timely requested a hearing, which was held on September 30, 2015 and at which she was represented by counsel and testified. A vocational expert also testified. Following the hearing, the Administrative Law Judge issued a decision denying her request for benefits, finding that she was not disabled between the alleged onset date of December 20, 2013 through the date of his decision. Ms. Nelson requested a review of the ruling, which the Appeals Council denied. Upon this denial, the Administrative Law Judge's (ALJ) decision became the Social Security

Commissioner's final ruling and is now ripe for this Court's review under 42 U.S.C. § 405(g).

Ms. Nelson has appealed to this Court. ECF No. 1. She requests relief under 42 U.S.C. § 405(g), seeking to reverse the ALJ's decision and remand for further consideration and attorney's fees. ECF No. 12. Ms. Nelson's appeal focuses on the ALJ's residual functional capacity (RFC) limitation regarding her need to frequently use the bathroom. She contends that the ALJ's factual findings on that point are not supported by substantial evidence in the record. Nancy Berryhill, Acting Commissioner of Social Security, has moved for an affirmance of the ALJ's decision. ECF No. 13. The Court, determining that the ALJ's findings were supported by relevant evidence in the record, declines to re-weigh the evidence or substitute its judgment for that of the ALJ. Ms. Nelson's motion, therefore, is denied and the decision is affirmed.

I.   STANDARD OF REVIEW

A district court's role in reviewing the Commissioner's decision is limited. The court must reverse the ALJ's decision on plenary review if the ALJ applies incorrect law, or if the ALJ fails to provide the court with sufficient reasoning to determine that he or she properly applied the law. *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam). Although questions of law are reviewed *de novo*, "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]". 42 U.S.C. § 405(g).

The determination of substantiality must be made upon an evaluation of the record as a whole. The Court "must uphold the Secretary's findings ... if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion." *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981); *see also Ortiz v. Sec'y of Health & Human Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). In reviewing the record, the Court must avoid reinterpreting the evidence or otherwise substituting its own judgment for that of the Secretary. *See Colon v. Sec'y of Health & Human Servs.*, 877 F.2d 148, 153 (1st Cir. 1989). The resolution of conflicts in the evidence is for the Commissioner, not the courts. *Rodriguez*, 647 F.2d at 222.

The Commissioner must follow five well-known steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920.[1] Significantly, the claimant bears the burden of proof at steps one through four, but the Commissioner bears the burden of proving step five, that a claimant's impairments do not prevent her from doing other work that exists in the national economy. *Ortiz v. Sec'y of Health & Human Servs.*, 890 F.2d 520, 524 (1st Cir. 1989) (per curiam). In assessing a claim, "the

---

[1] First, if a claimant is working at a substantial gainful activity, she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments, which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering her RFC, age, education and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f).

3

Commissioner considers both objective and subjective factors, including: (1) objective medical facts; (2) the claimant's subjective claims of pain and disability, as supported by the testimony of the claimant or other witnesses; and (3) the claimant's educational background, age, and work experience." *Robinson v. Berryhill*, Case No. 16-CV-420-SM, 2017 WL 1843089, at *2 (D.N.H. May 8, 2017) (citing *Avery v. Sec'y of Health & Human Servs.*, 797 F.2d 19, 23 (1st Cir. 1986); *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982)). A claimant is disabled only if his:

> physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A). *See also* 42 U.S.C. § 1382c(a)(3)(B). Now the Court turns to the evidence in the case in order to consider the two pending motions.

## II. THE MEDICAL EVIDENCE IN THE RECORD

Ms. Nelson received her GED in 2000. She lives with her parents. She has worked in the past as a cashier, bus monitor, office manager, and telemarketer, but this work was not considered substantial gainful activity such that it would qualify as past relevant work under the guidelines. At the time of the hearing, she was working 25 hours a week as a cook at a pizzeria.

Ms. Nelson has Crohn's Disease. Her treatment records during the review period from December 2013 show complaints of lower abdominal pain, nausea,

vomiting, cramping, diarrhea, and bloody stools. Examinations revealed abdominal tenderness and pain. Her Crohn's flare-ups were frequent and caused her to be seen at the hospital multiple times. Ms. Nelson has been medicated for this condition almost regularly, only stopping incident to surgery and during period of time when she was uninsured.

Dr. Oscar Glieberman, the consultative examiner, examined Ms. Nelson in June 2014. She reported diarrhea and abdominal pain. He noted abdominal tenderness, but found her physical examination to be generally benign. Dr. Glieberman opined that Ms. Nelson could not lift more than a pound repeatedly and would need frequent breaks and medical absences.

Ms. Nelson's condition worsened in early 2015. She had two Crohn's flare-ups and was admitted to both Kent County Hospital and Rhode Island Hospital. She lost fifteen pounds. In March 2015, Ms. Nelson had resection surgery (an ileoctomy), which reportedly improved her pain, but not her frequent diarrhea. Post-operation, Ms. Nelson's gastrointestinal condition was assessed as stable. She resumed taking her medication and began to regain the weight she previously lost.

Ms. Nelson testified to several limitations at her hearing. She reported difficulty driving and performing her job at the pizzeria because of the pain and discomfort caused by her Crohn's Disease. Specifically, she testified that she experienced severe cramping and extended bouts of diarrhea that forced her to take multiple and long bathroom breaks. She uses the bathroom fifteen times per day. Ms. Nelson also reported trouble working consistently, needing to call out sick and/or

leave work early to address her medical issues. She testified that she is able to take frequent breaks and be absent from work as necessary. Ms. Nelson does drive to work, but has to stop to use the bathroom as her drive is about 45 minutes. In addition to being out sick and leaving early, Ms. Nelson testified that her illness limits her ability to lift heavy things. She also testified as to the limitations of her daily activities. Her mother attends to most of her household needs; she cooks, cleans, and does the grocery shopping.

III. THE ALJ'S FINDINGS

In Ms. Nelson's case, the ALJ found that she had not engaged in substantial gainful activity since the alleged onset of her disability; and that she had medically determinable impairments, i.e. irritable bowel syndrome, depression, and anxiety. However, the ALJ ultimately concluded that she did not have a severe impairment or combination of impairments because that combination of impairments did not substantially limit her ability to perform a range of light work with some limitations. The ALJ determined that she had no past relevant work, but found that, considering her age, education work experience, and RFC, there are jobs in the national economy that Ms. Nelson could perform. Therefore, the ALJ found that Ms. Nelson was not under a disability from December 20, 2013 through the decision date.

IV. ANALYSIS

This appeal centers on Ms. Nelson's argument that the ALJ's RFC findings are not supported by substantial evidence because it failed to include the frequency and number of unscheduled bathroom breaks. The Commissioner objects and seeks an

affirmance of the ALJ's decision, arguing that Ms. Nelson is asking this Court to impermissibly re-weigh the evidence the ALJ already considered and/or substitute its own interpretation of the evidence. The Court agrees with the Commissioner that the ALJ did consider Ms. Nelson's allegations that she was unable to work because her illness caused her to use the bathroom frequently and gave it the weight he deemed appropriate in light of the objective medical evidence.

The ALJ considered the following record evidence relating to Ms. Nelson's reports of the disabling nature of her frequent bathroom visits:

- Intermittent flare-ups of Ms. Nelson's Crohn's Disease where she received emergency care and brief hospitalization;[2]
- Ms. Nelson's stable weight through 2014 despite claims of nausea and frequent bathroom visits;
- Ms. Nelson's ability to sustain light work on a regular basis prior to and after surgery;
- Ms. Nelson declined a CAT scan for her Crohn's symptoms because she was feeling better and had time constraints including her return to work as a bus monitor;
- Ms. Nelson's worsening condition during early 2015 was in the context of the reduction of her medication in preparation for the ileoctomy;

---

[2] Notably, Ms. Nelson indicated that she was frustrated that her doctor routinely referred her to the hospital for stomach pain instead of seeing her in the office, implying that she did not necessarily require emergent treatment.

7

- Ms. Nelson's condition improved after the March 2015 ileoctomy, specifically her reduced pain and weight increase.

The ALJ viewed this objective evidence and determined that it did not match up to Ms. Nelson's subjective complaints of disability. The Court sees no basis to overturn his decision as "a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion." *Rodriguez*, 647 F.2d at 222.

Dr. Oscar Glieberman, the consultative examiner, examined Ms. Nelson in June 2014. She reported diarrhea and abdominal pain. He noted abdominal tenderness, but found her physical examination to be generally benign. His consultative examination notes revealed his opinion that Ms. Nelson is limited to lifting one pound or less and needs frequent breaks and medical absences. The ALJ noted that these conclusions were vague without objective support in his findings, determining that Dr. Glieberman relied on Ms. Nelson's complaints instead of objective evidence. Upon further review, the Court agrees with the ALJ's assessment and discounts Dr. Glieberman's opinion regarding Ms. Nelson's need for breaks and work absences. *See Squeglia v. Berryhill*, Civil No. 16-CV-238-JD, 2017 WL 773528, at *5 (D.N.H. Feb. 28, 2017) ("treatment notes that merely repeat a claimant's subjective complaints are not medical opinions"); 20 C.F.R. § 416.927(a)(2)).

In light of the record findings, the Court concludes that the ALJ properly evaluated the medical evidence and that his findings are supported by substantial evidence. The ALJ did consider Ms. Nelson's allegation that she could not work due to her need to take frequent and extended bathroom breaks, but ultimately concluded

that Ms. Nelson was able to do light work because she was doing light work during her alleged disability. She worked part-time at a pizzeria. Her earnings report showed a steady increase in her weekly hours from her date of hire through September 2015. Her payroll documents show earnings approaching, and occasionally exceeding, the level of substantial gainful activity. This evidence is in contravention to Ms. Nelson's own statements that she had frequent absences from work and could not sustain employment because her illness required her to take frequent and lengthy breaks.

V.     CONCLUSION

Based on the foregoing, the Court concludes that the ALJ's decision was based on substantial evidence. Therefore, the Commissioner's Motion for an Order Affirming the Decision (ECF No. 13) is AFFIRMED. Ms. Nelson's Motion to Reverse (ECF No. 12) is DENIED.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

November 6, 2017